**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL BLOW,** )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. ) | No. 4:05CV2014-DJS |

**MEMORANDUM**

In <u>United States v. Michael L. Blow</u>, 4:03CR469-DJS, Michael Blow pled guilty before this Court on May 28, 2004 to a charge of receipt and distribution of child pornography by a person previously convicted of sexual offenses, in violation of 18 U.S.C. §2252A(a)(2)(A). On November 18, 2004, this Court sentenced Blow to 108 months' imprisonment, to be followed by a 5-year term of supervised release, and the mandatory special assessment of $100. Blow has now filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.

Blow's first ground for relief is a claim of ineffective assistance of counsel for counsel's failure to object to ¶9 of the presentence report. Defense counsel objected to ¶20 of the presentence report, which applied a 4-point increase to the offense level pursuant to §2G2.2(b)(3) of the Sentencing Guidelines for material portraying sadistic or masochistic conduct or other

depictions of violence.  Presentence Investigation Report [Doc. #66 in 4:03CR469-DJS], p.4.  In overruling that objection and finding that Blow possessed material properly characterized as sadistic, masochistic or violent depictions, the Court noted that the defense had not objected to ¶9 of the report, which contained a description of the images upon which the Court's conclusion was based. Sentencing Transcript [Doc. #76 in 4:03CR469-DJS], p.12, ℓℓ.2-3 & ℓℓ.21-22.  The Court's statement at sentencing that "there being no objection to that paragraph,...it's deemed to be established," signified that  the failure to object to ¶9 meant the Court was not presented with a factual dispute about what the images depicted. Id. at ℓℓ.10-11.

As a result, the §2G2.2(b)(3) objection focused instead upon a determination of whether those images were sadistic or violent.  Counsel's failure to object to ¶9 did not, in and of itself, defeat the objection to the application of the 4-point enhancement.  That objection was overruled because the Court determined that the images in question warranted the application of §2G2.2(b)(3) under the Eighth Circuit's definitions of "sadistic" "violent" for purposes of that guidelines provision.  Id. at ℓℓ.23-25.  See United States v. Diaz, 368 F.3d 991, 992 (8th Cir. 2004); United States v. Wolk, 337 F.3d 997, 1008 (8th Cir. 2003); United States v. Parker, 267 F.3d 839, 847 (8th Cir. 2001).

To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was

2

deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Blow cannot demonstrate deficient performance by his counsel or prejudice at sentencing where he fails to demonstrate that there existed a basis for an objection to ¶9's description of the images upon which the 4-point enhancement was based. Blow offers no such basis, and even now does not contend that the images cited by the Court in support of the enhancement were inaccurately described in ¶9. Blow demonstrates no right to relief on ground one.

Blow's second ground for relief is a claim of judicial error, specifically that the Court erred in overruling Blow's objection to the two-point increase to his criminal history for being on probation at the time of the offense. Presentence Investigation Report [Doc. #66 in 4:03CR469-DJS], p.6. In response to this claim, the government correctly points out that in his plea agreement, Blow waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." Plea Agreement [Doc. #49 in 4:03CR469-DJS], p. 6. No reason not to enforce that waiver is presented or known to the Court, and the

3

waiver precludes the Court's consideration of ground two of the instant motion. Furthermore, the Eighth Circuit has held that "garden variety" Sentencing Guidelines application issues are not cognizable in a §2255 motion. <u>United States v. Perales</u>, 212 F.3d 1110, 1111 (8th Cir. 2000); <u>Auman v. United States</u>, 67 F.3d 157, 161 (8th Cir. 1995).

For all the foregoing reasons, movant Michael Blow's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied, by separate judgment entered herein this day.

Dated this \_\_\_\_23rd\_\_\_\_ day of March, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE